IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. BOBBY DWAINE ENGLAND

**Appeal from the Criminal Court for Cumberland County
No. 08-0145 _____ David Patterson, Judge**

**No. E2009-01589-CCA-R3-CD - Filed June 18, 2010**

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached in the majority opinion. However, I would affirm the trial court because of the Defendant's failure to include the guilty plea hearing transcript in the record and the attendant presumption that the trial court's determinations were correct. See State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal). The 1989 Sentencing Act, as amended, requires a sentencing court to consider evidence received at the trial. T.C.A. § 40-35-2010 (b)(1). With a guilty plea involving a felony, the evidence supporting the plea and finding of guilt is usually submitted by stipulation. This court has considered the guilty plea hearing transcript to be vital to a de novo review and potential resentencing by this court as required by law. See T.C.A. §40-35-401. No matter how developed a record may appear, we will never know the full extent unless the guilty plea transcript is included. I do not believe this court is required to analyze an incomplete record to determine the merit of a sentencing complaint.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE